**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMY R. WEISSBROD GURVEY,

                Plaintiff,

                              1:24-CV-00211 (AMN/PJE)

  v.

HON. KATHY HOCHUL et al.,

                Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **AMY R. WEISSBROD GURVEY**<br>7302 Woodstone Circle<br>Princeton, NJ 08540<br>*Plaintiff, pro se* | |
| **NYS OFFICE OF THE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>*Attorneys for Defendants Hon. Kathy Hochul, Hon. Letitia James, Hon. Joseph A. Zayas, Brian O'Dwyer, Frank Hoare, and The State of New York.* | **NOAH C. ENGELHART, ESQ.** |
| **PORT AUTHORITY OF NY & NJ**<br>4 World Trade Center<br>– 150 Greenwich St 24th Floor<br>New York, NY 10007<br>*Attorneys for Defendant Kevin O'Toole* | **BRIAN HODGKINSON, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 13, 2024, plaintiff Amy R. Weissbrod Gurvey ("Plaintiff") commenced this action pursuant to, *inter alia*, 42 U.S.C. § 1983 and 28 U.S.C. § 1338 against defendants Hon.

1

Kathy Hochul, Hon. Letitia James, Hon. Joseph A. Zayas, Hon. Laura Taylor Swain, Brian O' Dwyer, Frank Hoare,[1] and Kevin O'Toole (collectively, with the State of New York, "Defendants") alleging patent infringement and various constitutional violations. *See* Dkt. No. 1.[2] On May 9, 2024, Plaintiff filed an Amended Complaint asserting similar claims against the same Defendants and one additional defendant, the State of New York. Dkt. No. 9 ("Amended Complaint"). Presently before the Court is the NYS Defendants' Motion to Dismiss the Amended Complaint and Defendant O'Toole's Motion to Dismiss the Amended Complaint. *See* Dkt. Nos. 38, 39 (collectively "motions"). Plaintiff opposes both motions and makes several requests through cross-motion. Dkt. No. 48 at 2 ("cross-motions").[3] In support of her opposition, Plaintiff also attempts to incorporate her submissions requesting leave for an extension. *Id.* (citing Dkt. Nos. 42, 44).[4] NYS Defendants and Defendant O'Toole both filed replies in further support of their motions and in opposition to Plaintiff's cross-motions. Dkt. Nos. 50, 52.

For the reasons set forth below, the NYS Defendants' and Defendant O'Toole's motions are granted, Plaintiff's cross-motions are denied, and the Complaint is dismissed with prejudice in its entirety and as against all Defendants.

---

[1] The State of New York, Hon. Kathy Hochul, Hon. Letitia James, Hon. Joseph A. Zayas, Brian O' Dwyer, and Frank Hoare moved collectively to dismiss the action and are referred to as the "NYS Defendants."

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

[3] Plaintiff's opposition and cross-motion also contains requests for several other forms of relief, including final determinations on the merits. *See* Dkt. No. 48 at 12-15. To the extent that Plaintiff requests final determinations on the merits of her claims, such requests are improper at this stage. Regardless, the Court denies such requests based on its findings below.

[4] Even considering the arguments and allegations submitted at Dkt Nos. 42 and 44 pursuant to this Court's obligation to treat *pro se* litigants leniently, this Court finds Plaintiff's Amended Complaint must be dismissed.

## II.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *Williams v. N.Y.C. Hous. Auth.*, 816 Fed. Appx. 532, 534 (2d Cir. 2020).

This lawsuit is the latest in Plaintiff's decades-long litigation efforts in both state and federal court. Plaintiff alleges she is the holder of several "ticketing and authenticated event content management" U.S. Patents, including U.S. Patent Nos. 11043566, D647910S, and 7603321. Dkt. No. 9 at ¶ 3. Though it is difficult to surmise the exact nature of Plaintiff's allegations, liberally construed, the Amended Complaint alleges that these patents "were used, outsourced, [and] copied" by the State of New York and its agencies through its agreements and ventures with various private entities, and therefore, New York officers infringed Plaintiff's patent rights. *Id.* at ¶¶ 3, 5, 14, 19, 38. Plaintiff also alleges that various officials and agencies of New York State colluded against her through various actions, including suspending her from the practice of law through allegedly faulty disciplinary proceedings, denying her access to the state's courts to enforce her patent rights and challenge her disbarment, and refusing to turn over certain documents. *Id.* at ¶¶ 2, 14, 29, 41. The Amended Complaint seeks injunctive and declaratory relief as well as damages based on these actions. *Id.* at ¶ 19.

On August 1, 2014, both the NYS Defendants and Defendant O'Toole moved to dismiss the Amended Complaint in its entirety.[5] The NYS Defendants argue that (1) most of Plaintiff's

---

[5] According to a letter dated October 11, 2024, Hon. Laura Taylor Swain, Chief Judge of the United States District Court for the Southern District of New York, has not appeared in this action, and therefore has not moved to dismiss, because she has not been properly served. Dkt. No. 54. The Court need not delve into whether Defendant Swain was properly served because the Complaint

claims are time-barred; (2) Plaintiff has failed to allege Defendants' personal involvement in her constitutional claims; (3) Plaintiff's claims are barred by various immunities; (4) Plaintiff's claims are also barred by collateral estoppel and the *Rooker-Feldman* doctrine; (5) Plaintiff has failed to plead any cause of action; and (6) Plaintiff is not entitled to any of the injunctive or non-monetary relief she requests. *See generally* Dkt. No. 38. Defendant O'Toole also argues that Plaintiff has failed to state a cause of action for patent infringement, and that Plaintiff's claims against him are barred by qualified immunity. Dkt. No. 39.[6] In response, Plaintiff argues, in part, that sovereign immunity is inapplicable, the *Rooker-Feldman* doctrine does not apply, and that her patent infringement claim is not time-barred. Dkt. No. 48 at 7, 10. Plaintiff also asserts several cross-motions, including seeking leave to amend the complaint for a second time, seeking a determination that the NYS Defendants' motion to dismiss is frivolous, requesting a default judgment, asking the Court to compel production of certain documents, and requesting a declaration that the Attorney General is disqualified from appearing in this case due to a conflict of interest. *Id.* at 2, 13; Dkt. No. 42 at 6.

## III. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). To resolve such a motion, the

---

is dismissed in its entirety against all Defendants for the reasons set forth below. However, in the alternative, the Court dismisses the claims against Defendant Swain for failure to adhere to Rule 4(i) of the Federal Rules of Civil Procedure.

[6] Defendant O'Toole also requested that, in the alternative to complete dismissal, that Plaintiff submit a more definite statement of her pleading. Dkt. No. 39. The Court need not address this request given its finding that the Complaint must be dismissed in its entirety.

court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).[7]

## IV. DISCUSSION

Pursuant to this Court's obligation to read the Amended Complaint liberally, the Court construes Plaintiff's Amended Complaint to assert the following claims against all Defendants: 1) patent infringement, 2) violation of due process rights, 3) violation of equal protection rights, 4) violation of the takings clause, 5) malicious prosecution, and 6) denial of access to the courts. *See generally* Dkt. No. 9 at ¶ 52.[8] The Court dismisses each of these claims and denies the other forms of relief included in the Amended Complaint for the reasons stated below.

### A. SUBJECT MATTER JURISDICTION

First, Defendants raise jurisdictional arguments regarding the *Rooker-Feldman* doctrine and sovereign immunity. The Court agrees that it lacks jurisdiction over most of Plaintiff's claims.

#### i. *ROOKER-FELDMAN* DOCTRINE

To the extent that Plaintiff challenges judgments obtained in state court, Plaintiff's claims are precluded by the *Rooker-Feldman* doctrine. "The [*Rooker-Feldman*] doctrine — created by

---

[7] Though the Court reads the Complaint liberally to ascertain the various claims at issue, it notes that some courts have held that former attorneys proceeding *pro se* are "not entitled to the considerations accorded a typical *pro se* plaintiff." *Bertucci v. Brown*, 663 F. Supp. 447, 449 (E.D.N.Y. 1987); *see also Presnick v. Bysiewicz*, 297 F. Supp. 2d 431, 433 (D. Conn. 2003).

[8] The Amended Complaint does not set forth separate claims for relief as required by Fed. R. Civ. P. 8(a)(2).

6

two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) — precludes federal district courts from reviewing final judgments of the state courts[.]" *Weissbrod v. Gonzalez*, 13 Civ. 2565 (JMF), 2013 WL 12084506, at *2 (S.D.N.Y. May 2, 2013) (citation omitted).  In other words, "district courts are barred from deciding cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  There are four requirements for the doctrine: "First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment [.]'  Third, the plaintiff must 'invite district court review and rejection of [that] judgment[ ].'  Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced[.]'" *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005) (alterations in original) (quoting *Exxon Mobil*, 544 U.S. at 284).  The doctrine applies to attorney disciplinary determinations.  *See Neroni v. Zayas*, 663 F. App'x 51, 53 (2d Cir. 2016).

Here, Plaintiff's claims which challenge the state court decisions *sua sponte* dismissing her previous patent infringement claims and the attorney disciplinary proceedings against her, as well as her requests to compel the "state files" allegedly showing forgery related to those proceedings which she previously sought through Article 78 petitions, must be dismissed pursuant to the *Rooker-Feldman* doctrine.  *See* Dkt. No. 9 at ¶¶ 1, 8, 16, 18, 36 (alleging prior failed attempts to compel production of documents and challenge aspects of her disciplinary actions through Article 78 petitions).  Indeed, Plaintiff plainly requests that this Court "vacate" a December 4, 2012 state court decision.  *Id.* at ¶¶ 8, 14, 27 (seeking to vacate *Matter of Gurvey*, 102 A.D.3d 197 (1st Dept.

7

2012)). As such, it is clear Plaintiff complains of injuries caused by previously entered state court judgments and is inviting this Court to review and reject those judgments.

In arguing against application of the *Rooker-Feldman* doctrine, Plaintiff does not dispute that many of her claims challenge the result of state court decisions, and instead, Plaintiff argues that there is no "final" determination of a state court at issue. Dkt. No. 48 at 7-8. Plaintiff suggests that decisions issued by courts other than the New York Court of Appeals are not "final" for purposes of the *Rooker-Feldman* doctrine. *Id.* at 7-8. These arguments are unavailing; so long as a judgment is entered in the state court proceeding, the *Rooker-Feldman* doctrine applies. *See, e.g., Hason v. Office of Professional Medical Conduct*, 314 F. Supp. 2d 241, 247 (S.D.N.Y. Apr. 19, 2024) (applying *Rooker-Feldman* doctrine based on an Appellate Division judgment). Plaintiff's argument also ignores the Southern and Eastern District of New York decisions applying the *Rooker-Feldman* doctrine to preclude nearly identical claims involving her disciplinary proceedings in separate lawsuits. *See Weissbrod*, 2013 WL 12084506, at *2; *Gurvey v. DiFiore*, 19-CV-4739 (LDH) (ST), 2021 WL 4480553, at *12 (E.D.N.Y. Sep. 30, 2021). Therefore, to the extent that Plaintiff's claims allege injuries stemming from state court decisions, Plaintiff's claims must be dismissed pursuant to the *Rooker-Feldman* doctrine.

### ii. SOVEREIGN IMMUNITY

Sovereign immunity bars all of Plaintiff's claims against the NYS Defendants except those for injunctive relief against the individual NYS Defendants. The Eleventh Amendment bars federal actions against the State of New York and its officers acting in their official capacities. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Deposit Ins. Agency v. Superintendent of Banks*, 482 F.3d 612, 617 (2d Cir. 2007) (noting Eleventh Amendment immunity extends to officers acting in their official capacities). Though Eleventh Amendment

immunity is not absolute, there is no contention here that Congress has abrogated New York's immunity from Section 1983 or patent lawsuits. *See Walker v. NYS Justice Center for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) ("Congress did not abrogate the States' sovereign immunity when it enacted §§ 1983 and 1985"); *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023) (rejecting "the argument that the Takings Clause abrogates sovereign immunity"); *Florida Prepaid Postsecondary Educational Expense Board v. College Sav. Bd.*, 527 U.S. 627 (1999) (finding no constitutional abrogation for patent infringement in most scenarios). Nor is there any argument that New York itself has waived its immunity or consented to this suit. *See, e.g., Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity.").

Plaintiff only argues that her patent infringement claim may survive because sovereign immunity has been abrogated pursuant to *Florida Prepaid Postsecondary Educational Expense Board v. College Sav. Bd.*, 527 U.S. 627 (1999). Dkt. No. 48 at 7. *Florida Prepaid* instead works against Plaintiff. There, the Supreme Court held that Congress's attempt to abrogate the states' sovereign immunity for patent infringement claims through the Patent Remedy Act was improper and unconstitutional. *Florida Prepaid*, 527 U.S. at 642-43. However, in doing so, the Court held that Congress might be able to constitutionally abrogate sovereign immunity where the state provides "no remedy, or only inadequate remedies" to a plaintiff alleging patent infringement against the state. *Id.* at 643; *see also Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1339 (Fed. Cir. 2006). Here, even setting aside the fact that it is Congress that may abrogate sovereign immunity in such circumstances and not this Court, *Pennington Seed*, 457 F.3d at 1340 ("it is the Congress, not this court, that can abrogate Eleventh Amendment sovereign

immunity for patent infringement" where no state remedy exists), Plaintiff identifies no lack of an adequate remedy. Plaintiff was able to assert her claims in state court, and they were rejected by the New York Court of Claims. Dkt. No. 9 at ¶ 16. That her claims failed does not speak to the availability of a remedy. Indeed, Plaintiff admits she is still litigating her infringement claims in state court. *Id.* at ¶ 45 n.1. For these reasons, sovereign immunity precludes the majority of Plaintiff's claims against the NYS Defendants.

However, from what the Court can glean from the Amended Complaint, the *Ex-Parte Young* doctrine might apply to permit suit against the individual NYS Defendants for injunctive relief. "The doctrine of *Ex Parte Young* is a limited exception to the general principle of sovereign immunity and allows 'a suit [for injunctive relief] challenging the constitutionality of a state official's actions in enforcing state law[.]'" *CSX Transp., Inc. v. New York State Office of Real Prop. Serv's*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex Parte Young*, 209 U.S. 123 (1908)). Plaintiff cites, without explanation, to *Ex Parte Young*, 209 U.S. 123 (1908), throughout her Amended Complaint. *See, e.g.*, Dkt. No. 9 at ¶ 1, 3, 15, 19, 37. Plaintiff also asserts that she "seeks injunctive relief" based on the alleged patent infringement and the individual Defendants' continuing violation of her rights. *Id.* at ¶ 19. Thus, read generously, the Amended Complaint's claims against the individual Defendants seeking injunctive relief survive the sovereign immunity analysis pursuant to the *Ex Parte Young* doctrine. *See, e.g., Pennington Seed, Inc.*, 457 F.3d at 1341 (applying the *Ex Parte Young* doctrine to allow injunctive relief claim based on "continuing prospective violations of a federal patent right by state officials"). Nevertheless, for separate reasons discussed below, those claims fail as well.[9]

---

[9] Judicial immunity also bars the claims against Defendants Zayas and Swain in their entirety. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Gurvey v. DiFiore*, No. 19-CV-4739 (LDH) (ST), 2021 U.S. Dist. LEXIS 188878, at *10-11 (E.D.N.Y. Sep. 30, 2021). The Amended Complaint appears

## B. FAILURE TO STATE A CLAIM

The Court will also assess the alternative, non-jurisdictional grounds for dismissal raised by Defendants. In summary, the Court finds that a combination of untimeliness, failure to allege any personal involvement of the individual Defendants, and failure to plead any facts capable of establishing patent infringement warrants dismissal of all of Plaintiff's claims, regardless of the jurisdictional deficiencies discussed above.

### i. SECTION 1983 CLAIMS

Plaintiff's claims brought pursuant to Section 1983 must be dismissed due to both untimeliness and failure to allege the individual Defendants' personal involvement.

#### a. STATUTE OF LIMITATIONS

First, Plaintiff's claims brought pursuant to Section 1983 are untimely. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131-32 (2d Cir. 2021) (citation omitted). And even when the issue is not raised by all of the defendants, "a court may raise [a statute of limitations defense] *sua sponte* when 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Weaver v. Boriskin*, 751 Fed. Appx. 96, 98-99 (2d Cir. 2018) (quoting *Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)); *see also Leonhard v. United States*, 633 F.2d 599, 609 n. 11 (2d Cir. 1980), *cert. denied*, 451 U.S. 908 (1981). Thus, while only the NYS Defendants moved to dismiss certain claims as untimely, the Court assesses whether those claims are timely as to all

---

to assert claims against these Defendants based on conduct undertaken in their judicial capacity. *See* Dkt. No. 9 at ¶ 52(k) (asserting Defendant Zayas' liability based on NYSCEF functioning); *see, e.g., id.* ¶ 6 (taking issue with decisions made by the SDNY).

Defendants.

To the extent that Plaintiff asserts causes of action for violations of her due process rights, Dkt. No. 9 at ¶¶ 15, 36, 52(2), violations of her equal protection rights, *id.* at ¶¶ 15, 47, violations of her constitutional right to access courts, *id.* at ¶¶ 2, 14, 16, 29, and violations of her rights against malicious prosecution, *id.* at ¶¶ 4, 33, those claims are time barred. "[T]he statute of limitations applicable to claims brought under § . . . 1983 in New York is three years." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (citing *Tadros v. Coleman*, 898 F.2d 10, 12 (2d Cir. 1990) (per curiam), *cert. denied*, 498 U.S. 869 (1990)); *see also Cornwall v. Robinson,* 23 F.3d 694, 703 (2d Cir. 1994) (applying three-year statute of limitations for Section 1985 claims).  The statute of limitations begins to run at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981) (quotation omitted); *see also Andrews v. Fremantlemedia, N.A., Inc.*, 613 Fed. Appx. 67, 68 (2d Cir. 2015) ("Claims under . . . § 1985 accrue 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'") (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)).  The statute of limitations for Section 1983 claims asserting malicious prosecution begins to run "when the prosecution terminates in plaintiff's favor." *Olaizola v. Foley*, 797 Fed. Appx. 623, 625 (2d Cir. 2020).

By Plaintiff's own admission, the claims in this case are based on conduct starting in 2009. Dkt. No. 9 at ¶ 1.  Moreover, it appears that Plaintiff has been seeking nearly identical relief for the conduct involved in this case since at least 2011.  *Id.* at ¶ 8.  Again, the Amended Complaint lacks clarity on the factual bases of Plaintiff's various claims, but after a thorough review, the Court is satisfied that all of the factual allegations pled with any degree of specificity involve

events and injuries which occurred beyond the statute of limitations window. Indeed, Plaintiff does not address the statute of limitations for most of her claims in her response. The only event pled with any specificity which occurred within three years of the filing of this action is a New York Court of Claims decision issued on August 15, 2023, and that decision itself cannot serve as the basis for any of Plaintiff's claims given the application of the *Rooker-Feldman* doctrine, as discussed above. Dkt. No. 9 at ¶ 16. Thus, as evidenced by the abundance of prior litigation brought by Plaintiff, it has been more than three years since Plaintiff became aware of her injuries, and the majority of her claims must be dismissed as time-barred.[10]

However, as Defendants concede, Plaintiff's patent infringement claims are not time-barred. Instead, the damages assigned for any such claim must be limited to the 6 years prior to the filing of this action. Dkt. No. 50 at 7-8. The patent infringement claims are addressed separately.

---

[10] Even if the *Rooker-Feldman* doctrine did not apply, Plaintiff's claims would be untimely despite the August 15, 2023 decision. Neither party raises the continuing violation doctrine in relation to the statute of limitations arguments, though Plaintiff does mention the phrase "continuing violations" at various points in her response. Dkt. No. 48 at 6, 8. The Court nevertheless determines that the doctrine does not apply. "[A] party cannot invoke the doctrine to avoid statute of limitations problems when the party had knowledge after each wrongful act that it was actionable, but chose not to file a claim." *Corsini v. City of New York*, 20-CV-5459 (MKB), 2021 WL 5999631, at *7 (E.D.N.Y. Dec. 20, 2021) (quoting *McFadden v. Kraklik*, No. 04-CV-8135, 2007 WL 924464, at *7 (S.D.N.Y. Mar. 28, 2007)). Here, Plaintiff's years-long effort in the state courts and before other courts in this circuit demonstrate she had knowledge of each prior instance of an alleged violation of her rights as they were occurring. Moreover, Plaintiff has failed to indicate how the August 15, 2023 decision constitutes a distinct wrong. Instead, the decision appears to demonstrate "the continuing effect[] of earlier conduct" alleged by Plaintiff, including denial of due process, equal protection, access to the courts, and malicious prosecution. *Margrabe v. Sexter & Warmflash, P.C.*, No. 07-CV-2798, 2009 WL 361830, at *7 (S.D.N.Y. Feb. 11, 2009) (quotation omitted); *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act." (citation omitted)).

### b.  PERSONAL INVOLVEMENT

Regardless of timeliness, Plaintiff's Section 1983 claims, including her vague references to due process, equal protection, access to the courts, violations of the takings clause, and malicious prosecution, must be dismissed against all defendants but New York State for failure to allege the personal involvement of any individual Defendant.  Since Plaintiff appears to sue these Defendants in their personal capacity, Dkt. No. 48 at 4, Plaintiff bears the burden of establishing that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

The Amended Complaint barely mentions the individual Defendants in this case, let alone alleges facts capable of establishing a "tangible connection between the acts of the defendant and the injuries suffered."  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Indeed, Plaintiff's only allegations concerning the individual Defendants are conclusory assertions that they are liable to Plaintiff.  *See* Dkt. No. 9 at 24 (alleging "AG Letitia James ha[s] been noticed of infringement and aiding and abetting infringement . . . with venture partners . . . since 2011"); *id.* at 25 (demanding "Joseph Zayas pay Plaintiff just compensation for infringement . . . by the NYS Police and the state's electronic NYSCEF document filing system"); *id.* (demanding "Kevin O'Toole pay Plaintiff just compensation for continued infringement . . . by the Port Authority of NY and NJ"); *id.* (demanding Brian O'Dwyer "pay Plaintiff just compensation for infringement . . . by the NYS Gaming Commission"); *id.* (demanding "Frank Hoare pay Plaintiff just compensation for infringement . . . by the NYS Thruway and EZ-Pass").  These allegations suggest that the individual Defendants are sued merely by reason of their supervision of others in New York State agencies, not due to their own conduct.  Such claims must be dismissed.  *See Tangreti*, 983 F.3d

at 617.

### ii. PATENT INFRINGEMENT

Because Plaintiff's patent infringement claims are not barred by an applicable statute of limitations, and because the requirement to plead personal involvement is specific to the Section 1983 context, the Court separately addresses the patent infringement claims.

The sole remaining claims, those for patent infringement, must be dismissed for failure to state a claim. "To state a claim for direct infringement . . . a plaintiff must (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Group One Ltd. V. GTE GmbH*, 625 F. Supp. 3d 28, 62 (E.D.N.Y. 2022) (citations omitted). Plaintiff has successfully pled that she is the owner of multiple patents. Dkt. No. 9 at ¶ 3. However, the Amended Complaint includes no facts indicating how any of the Defendants have infringed upon those patents beyond conclusory assertions that they were infringed by unspecified state agencies. *Id.* at ¶¶ 13, 38.

Reading the Amended Complaint liberally, Plaintiff may be asserting that the named Defendants "aided and abetted" private entities in their own infringing conduct. *Id.* at ¶¶ 34, 41, 52(1)-(2); *see also* Dkt. No. 42 at 4 (citing 35 U.S.C. § 271(b)-(c)). Non-infringers may be held liable for contributing to infringement, but Plaintiff must allege "(1) the defendant had knowledge of the patent in suit, (2) the defendant had knowledge of patent infringement, and (3) the accused product is not a staple article or commodity of commerce suitable for a substantial noninfringing use." *Group One Ltd. V.*, 625 F. Supp. 3d at 62 (internal quotation marks and citation omitted). Non-infringers may also be liable for inducing infringement, and to allege such liability, Plaintiff must assert: "(1) the defendant knew of the patent, (2) the defendant knew ... that the induced acts

constitute patent infringement, and (3) the defendant possessed specific intent to encourage another's infringement." *Id.* (internal quotation marks and citation omitted).  But again, Plaintiff asserts no facts as to any of the individual Defendants whatsoever, let alone facts indicating how any of the Defendants had knowledge of the relevant patents and infringement or had specific intent to induce infringement.  *Id.*  As such, Plaintiff's claims of patent infringement must be dismissed, even under the liberal pleading standard afforded to *pro se* plaintiffs.

### C.  REQUEST TO AMEND THE COMPLAINT AND DISQUALIFY THE AG

Given the above, Plaintiff's request to amend the complaint for a second time is futile.  Amending the complaint cannot resolve the overlapping issues of timeliness, sovereign immunity, judicial immunity, and the *Rooker-Feldman* doctrine.  *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (denying request to amend where amended complaint could not survive a motion to dismiss); *See 421-A Tenants Ass'n, Inc. v. 125 Court St. LLC*, 760 Fed. Appx. 44, 51 (2d Cir. 2019) (affirming denial of motion for leave to amend as futile because "any amendment to the complaint cannot fix the statute of limitations problem that the [plaintiffs] face").  Moreover, Plaintiff's vast history of litigation and failed amended complaints making similar claims indicates that "granting leave to amend is unlikely to be productive," and therefore, refusal is proper.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (per curiam).

Plaintiff's request to disqualify the New York State Attorney General from representing the other NYS Defendants in this case is denied.  The New York State Attorney General is authorized to defend State officers and entities in litigation.  *See* N.Y. Exec. L. § 63(1).  Plaintiff points to no valid conflict of interest beyond the Attorney General's representation of other New

16

York officials in a separate litigation. Dkt. No. 9 at ¶ 17.[11]

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the NYS Defendants' motion to dismiss, Dkt. No. 38, is **GRANTED**; and the Court further

**ORDERS** that the Defendant O'Toole's motion to dismiss, Dkt. No. 39, is **GRANTED**; and the Court further

**ORDERS** that the Plaintiff's request to amend the complaint for a second time, Dkt. No. 48, is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' Amended Complaint, Dkt. No. 9, is **DISMISSED with prejudice** in its entirety and as against all Defendants; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules and close the case.[12]

**IT IS SO ORDERED.**

Dated: January 24, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[11] Given the dismissal of all claims, Plaintiff's motion for an order to show cause, Dkt. No. 58, is also denied.

[12] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.