UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMY R. WEISSBROD GURVEY,

                Plaintiff,

    v.

HON. KATHY HOCHUL et al.,

                Defendants.

1:24-CV-00211 (AMN/PJE)

---

**APPEARANCES:**

**AMY R. WEISSBROD GURVEY**
7302 Woodstone Circle
Princeton, NJ 08540
*Plaintiff, pro se*

**NYS OFFICE OF THE
ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
*Attorneys for Defendants Hon. Kathy Hochul,
Hon. Letitia James, Hon. Joseph A. Zayas,
Brian O'Dwyer, Frank Hoare, and
The State of New York.*

**PORT AUTHORITY OF NY & NJ**
4 World Trade Center
– 150 Greenwich St 24th Floor
New York, NY 10007
*Attorneys for Defendant Kevin O'Toole*

**OF COUNSEL:**

**NOAH C. ENGELHART, ESQ.**

**BRIAN HODGKINSON, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Presently before the Court are Plaintiff Amy R. Weissbrod Gurvey's motions pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 59(e), 60(b), 15, and 11, all of which were

1

filed after judgment was entered in this case. *See* Dkt. Nos. 64, 65, 72 ("Motions").[1] Defendants Hochul, James, Zayas, Hoare, O'Dwyer, and the State of New York (collectively "State Defendants") oppose Plaintiff's Motions. Dkt. Nos. 68, 74. State Defendants also request leave to file a motion to enjoin Plaintiff from any further filings in this case and in the Northern District of New York related to the facts alleged in this action. Dkt. No. 70.

For the reasons set forth below, Plaintiff's Motions are denied, and State Defendants' request for leave is denied as moot.

## II.   BACKGROUND

Though the pleadings in this action are not a model of clarity, Plaintiff generally alleges that New York State officials have infringed on her patent rights and conspired against her efforts to obtain relief in court. *See generally* Dkt. No. 9. On January 24, 2025, this Court granted Defendants' motions to dismiss, entered judgment, and closed the case. Dkt. Nos. 61, 62 ("decision and order"). Subsequently, Plaintiff filed the instant Motions, which this Court construes to seek the following, overlapping forms of relief: 1) various injunctions and ultimate relief against Defendants, 2) disqualification of New York State Attorney General James ("AG James"), 3) mandamus to compel production of certain documents, 4) reconsideration, 5) vacatur, 5) recusal, 6) sanctions, and 7) an opportunity to amend the pleadings. *See* Dkt Nos. 64, 65, 72. Many of Plaintiff's requests were explicitly addressed in this Court's decision and order on

---

[1] Plaintiff has filed several other documents on the docket since this case was closed on January 24, 2025. *See* Dkt. Nos. 67 (providing supplemental authority), 73 (attaching a letter addressed to the Federal Circuit), 76 (attaching a petition for a writ of mandamus and a writ of prohibition before the Supreme Court), 77 (same), 78 (same). The Court has considered all of Plaintiff's submissions in reaching its decision.

Defendants' motions to dismiss and Plaintiff's cross-motion.[2] Therefore, the Court considers such requests in conjunction with the motion for reconsideration. *See* Dkt. No. 65 at 13.

## III.  STANDARD OF REVIEW

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion 'only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Berardi v. Berardi*, No. 1:22-cv-00159 (BKS/DJS), 2023 WL 4544625, at *3 (N.D.N.Y. June 12, 2023) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-43 (2d Cir. 2020)). "Further, '[t]he standard for granting a motion to amend or alter the judgment pursuant to [Rule] 59(e) in the Second Circuit is strict and reconsideration will generally be denied.'" *Id.* (quoting *Marshall v. United States*, 368 F. Supp. 3d 674, 677 (S.D.N.Y. 2019)).

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "fraud, misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). Rule 60(b) provides extraordinary relief, and a motion under Rule 60 should be granted only if the moving party demonstrates "exceptional circumstances." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1993); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009).

Finally, the Court remains mindful that "in a *pro se* case . . . the court must view the

---

[2] Specifically, the decision and order addressed Plaintiff's requests for ultimate relief against the Defendants, disqualification of AG James, and production of certain documents. *See* Dkt. No. 61 at 2 n.3, 4.

3

submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).[3]

## IV.    DISCUSSION

### A.  Rule 59(e)[4]

Throughout the Motions, Plaintiff requests that the Court reconsider its decision and order and grant Plaintiff's requests to, 1) disqualify the Southern District of New York from presiding over Plaintiff's other lawsuits, 2) vacate various district court orders, 3) compel production of various files which Plaintiff asserts have been "unlawfully withheld" since 2011, and 4) disqualify AG James from appearing in Plaintiff's lawsuits due to alleged "conflicts of interest."  *See* Dkt. No. 64 at 1-4; Dkt. No. 65 at 18-19.

"A court may grant a Rule 59(e) motion 'only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Berardi*, 2023 WL 4544625, at *3 (quoting *Metzler Inv. Gmbh*, 970

---

[3] Just as the Court did in its decision and order, the Court construes Plaintiff's submissions liberally.  However, as noted in the decision and order, some courts have held that former attorneys proceeding *pro se* are "not entitled to the considerations accorded a typical *pro se* plaintiff." *Bertucci v. Brown*, 663 F. Supp. 447, 449 (E.D.N.Y. 1987); *see also Presnick v. Bysiewicz*, 297 F. Supp. 2d 431, 433 (D. Conn. 2003).  The Second Circuit has also previously noted that Plaintiff "is not entitled to liberal construction of her pleadings" but out of an abundance of caution, the Court assesses the submissions liberally.  *Weissbrod v. Gonzalez*, 576 F. App'x 18, 19 (2d Cir. 2014).

[4] State Defendants argue that all of Plaintiff's post-judgment submissions violate Local Rule 7.1(a)(2).  *See* Dkt. No. 68 at 7.  Nevertheless, the Court will consider each of Plaintiff's requests.

4

F.3d at 142-43). Here, Plaintiff has not identified an intervening change in law, new evidence, or clear error capable of altering this Court's decision and order. Instead, Plaintiff largely restates the very same arguments and allegations that she made in opposition to Defendants' motions to dismiss. *Compare* Dkt. No. 48 *with* Dkt. Nos. 64, 65, 72. "Where the motion [for reconsideration] 'merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied.'" *Walsh v. Townsquare Media, Inc.*, 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021) (quoting *Silverman v. Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted)). As such, Plaintiff's Motions are denied.

Plaintiff argues that her requests to disqualify AG James and portions of her request for injunctive relief against state courts were never adjudicated by this Court. *See* Dkt. No. 65 at 5. Plaintiff is wrong. *See* Dkt. No. 61 at 6-8, 16. Plaintiff's request to disqualify AG James is premised on allegations that Assistant Attorney General Michael Berg ("AAG Berg") previously represented state officials in their individual capacities in a related lawsuit. *See* Dkt. No. 65 at 3, 8, 11-12, 19-20, 22. Plaintiff asserts that this creates a conflict of interest which extends to this case and others before state courts. As this Court recognized in its decision and order, Plaintiff's assertion of a conflict of interest contradicts the New York State Attorney General's plain authority to defend State officers and entities in litigation. Dkt. No. 61 at 16 (citing N.Y. Exec. L. § 63(1)). Thus, the decision and order properly denied disqualification. *See Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231–32 (S.D.N.Y. 2010) ("the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary"). To the extent that Plaintiff takes issue with the brevity of the Court's analysis, or asserts that the Court misconstrued her argument, several decisions in this Circuit support the propriety of denying disqualification of the Attorney General

in cases involving state officials sued in their individual capacities. *See Smith v. Jaynes*, 9:18-CV-1107 (DNH/DJS), 2019 WL 11727238, at *4 (N.D.N.Y. May 21, 2019) (finding no conflict of interest where AG's office represented defendants in an individual capacity); *Knight v. State of New York*, No. 95-CV-1635 (FJS), 1996 WL 705801, at *2 (N.D.N.Y. Dec. 2, 1996) (finding no conflict of interest between Attorney General's "statutory duty to represent government agencies and employees" and the office's participation "in a civil or criminal matter against an individual"); *Weiss v. City Univ. of New York*, 17-CV-3557 (VSB), 2019 WL 5891894, at *5 (S.D.N.Y. Nov. 10, 2019) (finding no conflict of interest and stating that plaintiff's theory of a conflict of interest "would result in the Attorney General's Office being unable to ever defend state employees against allegations of wrongdoing, rendering the statute meaningless"); *see also United States v. Terry*, 17 F.3d 575, 577 (2d Cir.), *cert. denied*, 115 S. Ct. 355 (1994) ("The Attorney General of the State of New York represents a sovereignty and is presumed to act with a sense of impartiality."). As to Plaintiff's assertion that the Court did not address her request for injunctive relief against state courts, the decision and order denied such relief based on a lack of subject matter jurisdiction. Dkt. No. 61 at 6-8. To the extent that Plaintiff now complains that the Court did not reach the merits of her qualms with the various state court proceedings identified in the Complaint, the Court notes that it could not have reached the merits after finding it was deprived of jurisdiction to consider Plaintiff's claims.[5]

---

[5] As Plaintiff has pointed out, *see* Dkt. No. 65 at 10, 12; Dkt. No. 67 at 4, the Court in one instance inaccurately referred to Plaintiff having been disbarred, rather than suspended from the practice of law, in the decision and order. However, the factual misstatement had no effect on the ultimate determination of any issue in this case, and moreover the Court accurately described the challenged disciplinary proceedings within the same paragraph. As such, to the extent that Plaintiff argues that the misstatement provides grounds for reconsideration, the Court rejects the argument.

### B. Rule 60(b)

The Court also denies Plaintiff's request to vacate the judgment. Plaintiff does not explicitly identify any grounds for vacatur under Rule 60(b), including "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), or "fraud, misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3). Nevertheless, for the sake of thoroughness, the Court assesses each of Plaintiff's arguments considering Rule 60(b)'s requirements.

First, Plaintiff argues that the Port Authority of New York and New Jersey "is a private entity" for purposes of her infringement claims. Dkt. No. 72-1 at 3. Presumably, Plaintiff intends to assert that the Court made a "mistake" pursuant to Rule 60(b)(1) in dismissing the infringement claim against Defendant O'Toole. "Rule 60(b)(1) provides an avenue for relief for 'a substantive mistake of law or fact in the final judgment or order[.]'" *Rimini v. J.P. Morgan Chase & Co.*, 21 Civ. 7209 (JPC), 2024 WL 809890, at *4 (S.D.N.Y. Feb. 27, 2024) (quoting *Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2016 WL 462412, at *4 (S.D.N.Y. Feb. 4, 2016) (citation omitted)). The Court dismissed the infringement claims based on Plaintiff's failure to allege facts capable of supporting the elements of direct and indirect infringement. The dismissal did not hinge on the Port Authority of New York and New Jersey's status as a private or public entity. *See* Dkt. No. 61 at 15-16. As such, Plaintiff has not identified a "substantive mistake" which could justify vacating the judgment.[6]

Second, Plaintiff argues vacatur is appropriate because Defendants engaged in a conspiracy to violate Plaintiff's constitutional rights related to Plaintiff's disciplinary proceedings. Dkt. No.

---

[6] The Court notes that it correctly excluded Defendant O'Toole from its sovereign immunity discussion in the decision and order because, even though it is recognized as a public entity in other contexts, "the Port Authority is not protected by the Eleventh Amendment[.]" *Scalercio-Isenberg v. Port Authority of N.Y. & N.J.*, 16-CV-8494 (VSB), 2018 WL 1633767, at *8 (S.D.N.Y. Mar. 31, 2018).

7

72-1 at 3. This argument is a mere rehashing of Plaintiff's dismissed allegations, and as such, does not establish any basis for vacatur under Rule 60(b).

Third, Plaintiff argues the Court should have tolled the statute of limitations related to the conspiracy "until the final goals of the conspiracy are achieved." Dkt. No. 72-1 at 3.[7] Again, the Court construes this argument as asserting a "mistake" under Rule 60(b)(1). But there was no mistake. Generally, "the existence of a conspiracy does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs," and thus where all "the discrete acts that [a plaintiff] complains of all occurred outside the statute of limitations[,]" tolling does not apply. *Powell v. Lab Corp.*, 789 Fed. Appx. 237, 240 (2d Cir. 2019) (quoting *Singleton v. City of New York*, 632 F.2d 185, 192–93 (2d Cir. 1980)). This Court has already found that "all of the factual allegations pled with any degree of specificity involve events and injuries which occurred beyond the statute of limitations window." Dkt. No. 61 at 12-13. As such, Plaintiff's argument fails. Moreover, Plaintiff did not oppose Defendant's statute of limitations argument in response to the motions to dismiss the constitutional claims. *See* Dkt. No. 48 at 10 (only arguing that the infringement claims were not barred). A motion under Rule 60(b)(1) does "not 'provide a movant an additional opportunity to make arguments[.]'" *Rimini,* 2024 WL 809890, at *4 (quoting *In re Bulk Oil (USA) Inc.*, Nos. 89-B-13380, 93 Civ. 4492 (PKL), 93 Civ. 4494 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007)). Therefore, even if the argument had merit, it could not be raised in a motion to vacate.

Fourth, Plaintiff argues that she was prevented "from discovering facts in furtherance of the conspiracy" by various actions of state officials, and therefore, the statute of limitations should

---

[7] Plaintiff specifically makes this argument in relation to a "RICO conspiracy[,]" but, as discussed below, the Amended Complaint does not assert such a claim, and the Court denies Plaintiff's motion to amend to add such a claim.

be tolled due to concealment. *See* Dkt. No. 72-1 at 3-4. Again, the Court construes this argument to assert that the Court made a "mistake" under Rule 60(b)(1) in precluding certain claims due to the statute of limitations. But as the Court recognized in its decision and order, Plaintiff has been making claims and filing lawsuits based on the conduct at issue for over a decade, and therefore, Plaintiff may not reasonably assert that her claims should be tolled due to concealment. *See* Dkt. No. 61 at 12. Also, Plaintiff did not make this argument in opposition to the motions to dismiss, and thus, the argument is improper on a motion to vacate. *See Rimini*, 2024 WL 809890, at *4.

Fifth, Plaintiff appears to argue that because she was allegedly subjected to *unlawful* disciplinary proceedings in New York, Defendants are not entitled to judicial and sovereign immunity because they acted outside of their authority. *See* Dkt. No. 65 at 10; Dkt. No. 72-1 at 4. Again, the Court construes this argument to assert that the Court made a "mistake" under Rule 60(b)(1). Even taking Plaintiff's argument at face value, the decision and order explicitly states that the case would be dismissed even if judicial and sovereign immunity did not apply. *See* Dkt. No. 61 at 11. Thus, Plaintiff's argument does not provide a viable ground for vacatur.

Finally, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because there "there are no final state orders." *See* Dkt. No. 72-1 at 4. The Court construes this argument as an assertion of a "mistake" under Rule 60(b) in applying the *Rooker-Feldman* doctrine. The Court considered and rejected Plaintiff's argument in the decision and order, *see* Dkt. No. 61 at 8, and therefore, it cannot now serve as a basis for vacatur. *See Rimini*, 2024 WL 809890, at *4 ("a [c]ourt should not reconsider issues already examined simply because [the movant] is dissatisfied with the outcome of his case" (brackets in original) (citation and internal quotation marks omitted)).

In summary, Plaintiff's bases for relief under Rule 60(b) amount to no more than an attempt

to raise new issues and express mere disagreement with the decision and order. Plaintiff "may not . . . obtain relief from judgment by reiterating the same general allegations contained in h[er] dismissed complaint [and m]ere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship" capable of justifying vacatur. *Green v. Phillips*, 374 F. App'x 86, 88-89 (2d Cir. 2010) (summary order) (internal citation omitted). As such, the Court denies the Rule 60(b) motion.

### C. Recusal

Plaintiff also asks this Court to recuse itself. Under 28 U.S.C. § 144, this Court must recuse itself if a party files a "timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him [or her] or in favor of any adverse party[.]" Separately, under 28 U.S.C. § 455, this Court must recuse itself "in any proceeding in which his [or her] impartiality might reasonably be questioned." "It is well settled that a motion for recusal requires a showing of personal bias which is ordinarily based on extra-judicial conduct and not conduct which arises in a judicial context." *Stantini v. United States*, 268 F. Supp. 2d 168, 179 (E.D.N.Y. 2003). "[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

Here, Plaintiff appears to seek recusal based on 1) the Court's alleged "abuse of discretion" in not disqualifying AG James and considering State Defendants' "frivolous papers," and 2) the Court's aforementioned error in stating that Plaintiff was subject to disbarment. Dkt. No. 65 at 12-13. Neither argument alleges "extra-judicial" considerations or indications of bias; instead, they take issue with components of the decision and order. Plaintiff has made a similar motion before, in a related case in the Southern District of New York. *See Gurvey v. Cowan, Liebowitz*

*& Latman, P.C.*, No. 06 Civ. 1202(LGS)(HBP), 2015 WL 4460868 (S.D.N.Y. July 21, 2015). In that case, the court denied Plaintiff's motion because she did "not cite[] any extrajudicial source of bias[.]" *Id.* at *4. Yet again, Plaintiff fails to identify a legitimate basis for recusal, and therefore, the motion for recusal is denied. *See In re International Business Machines Corp.*, 618 F.2d 923, 930 (2d Cir. 1980) (finding no grounds for recusal based on alleged error where "[t]here is no ruling or comment by the judge which gives any clue or inkling of extrajudicial bias"); *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 171 (S.D.N.Y. 2012) ("Disagreement or dissatisfaction with the Court's rulings is not enough to succeed on this [recusal] motion." (brackets in original) (citation omitted)); *Joint Council 73, et al., v. International Brotherhood of Teamsters, et al.*, 734 F.Supp. 626, 628 (S.D.N.Y.1990) (finding no grounds for recusal based on "legal or factual error").

Despite this clear authority to the contrary, Plaintiff asserts that two cases mandate recusal in this case: *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009) and *1616 Second Ave. Restaurant v. NYS Liquor Authority*, 75 N.Y.2d 158 (1990). *See* Dkt. No. 67 at 2. Instead, these cases highlight the baselessness of Plaintiff's motion. In *Caperton*, the Supreme Court found that recusal was appropriate where a litigant had contributed $3 million to a judge's campaign, and thus, the case stands for the unremarkable proposition that evidence of extra-judicial bias may provide grounds for recusal. 556 U.S. at 884. Similarly, in *1616 Second Ave.*, the New York Court of Appeals found that recusal was warranted where extra-judicial conduct indicated bias. There, an administrative official "made public comments concerning a specific dispute that [was] to come before him in his adjudicatory capacity[.]" 75 N.Y.2d at 162. No such conduct is alleged here, and thus, Plaintiff's attempt to marshal support for recusal falls flat.[8]

---

[8] While Defendants treat Plaintiff's request to "transfer" this case as a request to transfer venue,

11

### D. Rule 11

Plaintiff also requests that this Court impose Rule 11 sanctions against Defendants and AAG Berg, an alleged conspirator named in Plaintiff's submissions but not named as a defendant in this case. *See* Dkt. No. 65 at 1, 4, 6, 12, 16. "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (*per curiam*). Pursuant to Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

Plaintiff's request for sanctions fails for several reasons. First, Plaintiff has included her request for sanctions alongside requests for other forms of relief in violation of Fed. R. Civ. P. 11(c)(2). *See* Dkt. No. 65. Second, and more importantly, Plaintiff's request for sanctions against Defendants is baseless. Having already granted Defendants' motions to dismiss, the Court could not now find that those motions were sanctionable and "frivolous." *Id.* at 13, 16; *see also Weissbrod v. Live Nation Ent. Inc.*, No.: 2:23-cv-04381-MEMF-E, 2024 WL 5317316, at *12 (C.D. Cal. Sep. 27, 2024) (denying Rule 11 sanctions sought by Plaintiff because the court "did not find the motions baseless, but actually granted them on the merits."). Third, to the extent that Plaintiff seeks sanctions against AAG Berg, the Court cannot impose such sanctions because he is a nonparty. *See Brown v. Trovato*, 23-CV-9895 (JGLC) (KHP), 2025 WL 81399, at *2 (S.D.N.Y. Jan 11, 2025) ("Defendant fails to meet the requirements [for imposing sanctions] . . . because he is seeking sanctions against non-parties."). Finally, even if this Court could grant Rule 11

---

*see* Dkt. No. 68 at 10, the Court interprets the request to merely seek adjudication by "another judge in this court" in connection with the request for recusal, Dkt. No. 65 at 12. Because the transfer request is premised on the recusal motion, the Court also denies the transfer request.

sanctions against AAG Berg, "Rule 11 governs only 'pleading[s], motion[s], [and] other paper[s]' filed with the court and therefore '[does not] provide a mechanism for imposing sanctions for any and all improper conduct of a party or its counsel during litigation . . . .'" *Sanderson v. Leg Apparel LLC*, 1:19-cv-8423-GHW, 2024 WL 498094, at *2 (S.D.N.Y. Feb. 8, 2024) (brackets in original) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1268 (2d Cir. 1987) *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). Plaintiff's request for sanctions against AAG Berg appears to be premised on an alleged years-long conspiracy and AAG Berg's role in other litigations, and therefore, the request falls outside of the purview of Rule 11. *See* Dkt. No. 65 at 4.

### E. Rule 15

Finally, Plaintiff seeks to add several new parties pursuant to Fed. R. Civ. P. 15 ("Rule 15"), including AAG Berg, New York Court of Claims Judges Frank Milano and Richard Sise, Jorge Dopico, J. Richard Supple, Hinshaw & Culbertson, and Cowan Liebowitz & Latman. *See* Dkt. No. 65 at 5, 9; Dkt. No. 67 at 1; Dkt. No. 72-1 at 5. Plaintiff has also added parties to the case caption in some of her submissions, including the City of New York, "Yankee Stadium," "Citifield," the New York City Police Department, "OTB," "OTG," the Metropolitan Transport Authority, and "Metrocard." *See* Dkt. No. 64 at 1. Plaintiff also seeks to add a Civil RICO claim and a claim pursuant to 42 U.S.C. § 1985(2) . *See generally* Dkt. No. 72-1.

A request to amend a complaint after judgment has been entered is typically not granted "[u]nless there is a valid basis to vacate the previously entered judgment." *Myers v. Rowell*, 6:15-CV-0553 (DNH/ATB), 2018 WL 1441320, at *1 (N.D.N.Y. 2018) (quoting *National Petrochemical Co. v. M/T Stolt Sheaf*, 930 F.2d 240, 244–45 (2d Cir. 1991)). Put differently, "[i]t is well established that [a] party seeking to file an amended complaint post[-]judgment must first

have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks and citation omitted) (brackets in original). The Court has already found that there is no valid reason to reconsider or vacate the judgment in this case, and therefore, the Court denies the Motions to the extent that they seek to amend the pleadings.[9]

### F. Filing Injunction

In response to Plaintiff's post-judgment submissions, State Defendants seek leave to file a motion to enjoin Plaintiff from filing any further motions in this matter and from filing any civil action in this Court against State Defendants or other parties arising out of the events alleged in this action without prior leave of the Court. *See* Dkt. No. 70 at 5.[10] The Court "believes that grounds may exist to direct Plaintiff to show cause as to why [s]he should not be enjoined from filing future actions" and motions arising out of the events alleged in this action "without prior leave of the District's Chief Judge." *Son v. US Army*, 1:22-CV-1388 (GTS/DJS), 2023 WL 4865532, at *6 (N.D.N.Y. July 31, 2023).

"The United States Courts are not powerless to protect . . . litigants [] from the depredations of those [] who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive [] proceedings." *Gurvey v. DiFiore*, 19-CV-4739 (LDH) (ST), 2021 WL 4480553, at *6 (E.D.N.Y. Sep. 30, 2021) (citation and internal quotation marks omitted) (brackets in original). This Court may "impose sanctions against litigants who abuse the judicial process," through "[t]he filing of repetitive and frivolous suits[,]" by ordering "an injunction forbidding

---

[9] For the same reason, to the extent that the allegations in Plaintiff's Motion are broader than those in the initial pleadings, and to the extent that Plaintiff requests broader forms of relief, the Court does not consider such facts and denies such relief.

[10] State Defendants seek leave to file the motion, or in the alternative a hearing to discuss such relief, because such a motion is non-dispositive, and therefore, Local Rule 7.1(a)(2) governs.

further litigation[.]" *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (brackets in original) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). In the Second Circuit, courts consider five factors in imposing such a sanction:

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation," including whether the litigant has "an objective good faith expectation of prevailing[ ]; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Id.* (quoting *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, each of these factors weighs in favor of an injunction. First, although Plaintiff's history in this District appears to be limited to this case, there can be no doubt that Plaintiff has a history of duplicative and vexatious lawsuits. "This Court would not be the first to make such a finding." *See Gurvey*, 2021 WL 4480553, at *6. The Eastern District of New York has found that "Plaintiff has a history of vexatious litigation[,]" and imposed a filing injunction in a case dealing with many of the same facts asserted here. *Id.* The Southern District of New York has found a previous suit filed by Plaintiff regarding the disciplinary proceedings at issue in this case to be "frivolous" and worthy of *sua sponte* dismissal. *See Weissbrod v. Gonzalez*, 13 Civ. 2565 (JMF), 2013 WL 12084506, at *1 (S.D.N.Y. May 2, 2013). Indeed, the Southern District of New York later warned Plaintiff, in a separate case based on the same allegations, that "further frivolous litigation may result in the imposition of sanctions, including monetary penalties and filing injunctions." *Weissbrod Gurvey v. Lippman*, 18-cv-2206 (S.D.N.Y. June 5, 2018) (Dkt. No. 29). And New York courts have noted that Plaintiff "was sanctioned for 'years of vituperative litigation,' frivolous motion practice, and intentional misrepresentations to the court." *In re*

15

*Gurvey*, 102 A.D.3d 197, 198 (1st Dep't 2012).

Second, Plaintiff seeks to litigate claims that have failed repeatedly based on many of the same fundamental defects. *See, e.g.*, *Gurvey*, 2021 WL 4480553, at *5 (dismissing Plaintiff's constitutional claims based on immunity and the *Rooker-Feldman* doctrine); *Gurvey*, 18-cv-2206 (Dkt. No. 29 at 2) (dismissing Plaintiff's patent claims).  Therefore, Plaintiff has no good faith basis to bring this action.

Third, while Plaintiff is proceeding *pro se*, the Eastern District of New York has already found that Plaintiff is not afforded special solicitude in relation to sanctions because she is a former attorney.  *Id.* at *6.  Given that this Court has already afforded liberal treatment of Plaintiff's submissions despite her legal training and given the repeated warnings to Plaintiff against frivolous filings in other cases, the Court finds that this factor weighs in favor of the imposition of a filing injunction.

Fourth, there can be no doubt that Plaintiff's repeated litigating of the very same issues constitutes a needless and unusually burdensome imposition on the resources of the courts and defendants.

Fifth, and finally, "other sanctions cannot adequately protect the courts and the other parties" because "courts have already imposed monetary sanctions on Plaintiff, which did not dissuade her from commencing the instant action." *Gurvey*, 2021 WL 4480553, at *6.

In light of these factors, the Court recommends imposing a filing injunction on Plaintiff. However, "[i]t is for the Chief Judge of the Northern District of New York to decide whether to issue an anti-filing injunction." *Phelan v. Karandy*, No. 9:11–CV–636 (NAM/RFT), 2012 WL 2235125, at *2 (N.D.N.Y. June 15, 2012); *see also* General Order 55.  Therefore, the Court refers

the determination of whether to issue a filing injunction to Chief Judge Brenda K. Sannes.

## V. CONLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motions, Dkt. Nos. 64, 65, and 72, are **DENIED**; and the Court further

**ORDERS** that Plaintiff's frivolous and vexatious litigation practices are **REFERRED** to Chief United States District Judge Brenda K. Sannes for consideration of a possible pre-filing order; and the Court further

**ORDERS** that Defendants' request for leave to file a motion to enjoin Plaintiff from further filings is **DENIED** as moot in light of this Court's referral of Plaintiff's litigation practices to Chief United States District Judge Brenda K. Sannes; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.[11]

**IT IS SO ORDERED.**

Dated: May 29, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[11] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.